## STEIN vs. BURDEN.

1. The Judge of Probate has jurisdiction to grant writs of *ad quod damnum* in those cases in which the Judge of the County Court had authority to grant them before the abolition of the County Court.

ERROR to the Probate Court of Mobile.

ALBERT STEIN made application, by petition, to the Judge of Probate of Mobile, for a writ of *ad quod damnum* to ascertain the damages occasioned to those interested, by the construction of an aqueduct, resorvoir and dams, which he intended to construct at a point on Bayou Chautauque for the purpose of bringing water from the bayou into the city. The application was made under the authority of an act of the General Assembly, approved December 25, 1841, entitled " An act to amend an act passed January 7, 1841, entitled 'an act for the promotion of the health and convenience of the city of Mobile, by the introduction into said city of a supply of wholesome water to be used for domestic purposes and for the extinguishment of fires.' " Those persons who owned lands above and below the point on the bayou, where the works were to be erected, were made defendants to the petition, and notified of the time and place of executing the writ. On the petition of John Burden, one of the defendants, a *supersedeas* of the writ was granted, on the ground that the Judge of Probate had no jurisdiction in the case; and at the next regular term of the court, on motion of said Burden, the said writ of *ad quod damnum* was quashed, for want of ju-

risdiction in the court to issue it, and a judgment for costs rendered against said Stein, to reverse which he prosecutes this writ of error.

F. S. BLOUNT, for plaintiff in error.

No counsel, *contra.*

DARGAN, C. J.—The only question presented for our revision by the record is this, whether the judges of the Courts of Probate have jurisdiction to grant writs of *ad quod damnum*, in those cases in which the judges of the County Courts had authority to grant them, before the County Courts were abolished? The act of the 11th February, 1850, by which the Courts of Probate were established and organized, in lieu of the County Courts, defines many of the powers and duties of those courts, but expressly denies to them some powers that had been formerly exercised by the County Courts. The 9th section of the act provides, that the judges of the Courts of Probate in their respective counties shall, as members of the Commissioners' Court of Roads and Revenue, perform all the duties that had been done and performed by the judges of the County Courts, and further, that they should have and exercise full jurisdiction of, and do and perform all things now required of the judges of the County or Orphans' Court, except as therein is excepted and provided, &c. On the 13th day of February, 1850, the Legislature passed another act, which provides "that the duties heretofore required or authorized to be performed by either the judge or the clerk of the County Court, *one or both*, of any and every description, and not expressly prohibited or otherwise provided for by the act of the 11th February, 1850, shall be performed, under the same rules and regulations, so far as they are applicable, by the judges of the Courts of Probate." Perhaps the act of the 13th of February effected nothing more than the 9th section of the act of the 11th February did. But its passage is conclusive to show that the Legislature intended to invest the judges of the Courts of Probate with all the powers and jurisdiction that had belonged to the County Courts, save only those powers and such jurisdiction as were expressly denied them. To determine, therefore, whether the judge of the Probate Court had jurisdiction to grant the writ of *ad quod damnum*,

we need only ascertain whether the writ could have been granted by the County Court of Mobile, upon the application of the plaintiff in error as set forth in his petition, and then whether the act of the 11th of February, 1850, by which the Probate Court was established and the County Court abolished, denies to the judge of the Court of Probate jurisdiction and authority to grant the writ. Upon this it is only necessary to say, that the judge or the clerk of the County Court would have had full power to grant the writ, under the act of the 25th December, 1841, (Pamphlet Acts of 1841, p. 5-6,) and neither the act of the 11th of February, 1850, nor any subsequent one, denies this power to the judge of the Court of Probate. He therefore had jurisdiction to grant the writ, and consequently erred in quashing it on the ground of a want of jurisdiction.

Let the judgment be reversed and the cause remanded.